**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASHLEIGH WHEELER AND JERAH BREWSTER, *individually and as representatives of the class,* <br><br> *Plaintiffs,* <br><br> v. <br><br> **WEGMANS FOOD MARKETS, INC.,** <br><br> *Defendant.* | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **Civil Action No. 16-cv-06825** |

Ashleigh Wheeler and Jerah Brewster, on behalf of themselves and the class set forth below ("Plaintiffs"), by and through their attorneys Thomas & Solomon LLP, bring this class action complaint against Wegmans Food Markets, Inc. (referred to as "Wegmans" or "Defendant").

## NATURE OF ACTION

1.      This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA"). Defendant routinely violated the FCRA's core protections by procuring or causing to be procured consumer and/or investigative consumer reports, as those terms are defined by the FCRA (herein referred to collectively as "background report(s)" or "consumer report(s)"), on employees and job applicants without making a legally required stand-alone disclosure.

2.      Using the services of a third party, Wegmans routinely obtains and relies on the information in the consumer report to evaluate prospective and current employees.

3.      Given the determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a background check.

4.      Specifically, the FCRA provides that an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i)(emphasis added).

5.      Pursuant to the FCRA, applicants have a right to both obtain a copy of their consumer reports and to have errors in their reports corrected. *See* 15 U.S.C. §§ 1681g, 1681i.  In order for applicants to exercise those rights, it is essential that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

7.      Venue is proper in this District because Defendant does business here, and at least one Plaintiff resides here and applied for a position within the District.

## PARTIES

*Plaintiffs*

8.      Plaintiff Ashleigh Wheeler ("Wheeler") is a resident of Rochester, New York.

9.      On or about April 2013, Ms. Wheeler applied to work at Wegmans through their standard online application.

10.     Shortly thereafter, Ms. Wheeler began working as a cashier for Wegmans.

11.     Plaintiff Jerah Brewster is a resident of Ithaca, New York.

- 2 -

12.     On or about October 2015, Mr. Brewster applied to work at Wegmans through their standard online application.

13.     Shortly thereafter, Mr. Brewster began working for Wegmans as a pharmacy technician, and then later worked as a coffee shop attendant.

*Defendant*

14.     Defendant Wegmans Food Markets, Inc. is a domestic business corporation registered in New York.

15.     Further, Defendant Wegmans Food Markets, Inc. is a private family-owned company founded and headquartered in Rochester, New York.

16.     Defendant Wegmans Food Markets, Inc. is a regional supermarket chain with approximately 90 stores across New York, Pennsylvania, New Jersey, Virginia, Maryland, and Massachusetts. Defendant Wegmans Food Markets, Inc. also includes five signature restaurants-Amore, The Burger Bar, Market Café, Next Door Bar & Grill, and the Pub.

17.     Defendant Wegmans Food Markets, Inc. employs approximately 46,000 people.

18.     In 2015, Wegmans Food Markets, Inc. had annual sales of $7.9 billion.

19.      At all relevant times, Defendant Wegmans Food Markets, Inc. has overseen the hiring process of all of their locations.

20.     For example, Wegmans Food Markets, Inc. requests background checks on behalf of potential employees, including Plaintiffs Wheeler and Brewster.

## FACTS

***Defendant's Failure To Make A Proper Disclosure In Violation Of The FCRA***

21.     Plaintiffs Brewster and Wheeler completed Wegmans' standard electronic documents relating to their anticipated employment, including an electronic authorization to conduct a background check.

22.     Wegmans' online authorization causes a background check to be procured by a third party company.

23.     Wegmans' background check authorization contains liability release language stating:

> I hereby release Wegmans, my former employers, and all other persons or entities contacted by Wegmans from any and all claims, demands, or liabilities arising out of or in any way related to the release, disclosure, and use of such information.

24.     The inclusion of the release provisions in connection with its background disclosure violates the FCRA.

25.     At the bottom of the page, an applicant must include their e-signature agreeing to the background check authorization.  Further, an applicant must complete the e-signature in order to complete the application.

26.     In completing Wegmans' documentation, Plaintiffs Brewster and Wheeler included their e-signatures.

27.     Wegmans' online documentation and authorization fails to include a clear and conspicuous disclosure, in a document consisting solely of the disclosure, that Wegmans would cause a consumer report to be procured.

28.     By including a release with the disclosure, Defendant willfully disregarded this regulatory guidance and violated 15 U.S.C. § 1681b(b)(2)(A)(i).

29.     As such, Plaintiffs Brewster and Wheeler were misled as to the nature and purpose of their consent and their rights.

30.     Despite its failure to provide applicants, including Plaintiffs Wheeler and Brewster, with the required stand-alone disclosure, Wegmans' subsequently procured a consumer report, or caused a consumer report to be procured on Plaintiffs Wheeler, Brewster, and the Class.

31.     Pursuant to the FCRA, applicants have a right to both obtain a copy of their consumer reports and to have errors in their reports corrected. *See* 15 U.S.C. §§ 1681g, 1681i.  In order for applicants to exercise those rights, it is essential that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

32.     Not aware of their ability to do so, Plaintiffs Wheeler and Brewster did not request a copy of the consumer report that was procured by Defendant,

33.     Thus, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report, or causing a consumer report to be procured, on Plaintiffs, including Plaintiffs Wheeler and Brewster, for employment purposes without first providing a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

34.     Additionally, as a result of Defendant's violation, Plaintiffs Wheeler and Brewster were not only misled by Defendant, but they were subject to a significant invasion of privacy that could jeopardize their personal reputation as well as financial well-being.

*Facts Relating to Defendant's Willful, Systematic and Repeated FCRA Disclosure Violation*

35.     Similar to Plaintiffs Wheeler and Brewster, Wegmans, through the services of a third party, conducts background checks on other job applicants as part of its standard screening process.

36.     Wegmans relies on consumer reporting agencies to obtain this information and report it.  These reports constitute "consumer reports" for purposes of the FCRA.

37.     The online documentation completed by applicants does not contain a clear and conspicuous written disclosure to the consumer, in a document that consists solely of the disclosure, that a consumer report may be obtained by Wegmans for employment purposes, but Wegmans routinely requests and procures reports from a third party about applicants and employees in spite of this fact.

38.     For example, the documentation includes a liability waiver in the disclosure form.

39.     The language of the FCRA with respect to the stand alone disclosure requirement is clear.  *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

40.     The Federal Trade Commission ("FTC") confirms that "[t]he inclusion of such a [liability] waiver in a disclosure form will violate [the FCRA], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."  *See* Exhibit A.

41.     Further, courts have routinely confirmed that the failure to include the stand alone disclosure is a violation of the protection afforded to employees under the FCRA.  *See Reardon v. Closetmaid Corp.,* 2:08-CV-01730, 2013 WL 6231606, at *9 (W.D. Pa. Dec. 2, 2013 (in granting summary judgment to the class, court found employer's willful violation of

the FCRA based on employer's inclusion of a liability release in a document purporting to constitute the required stand-alone disclosure); *Singleton v. Domino's Pizza, LLC,* CIV.A. DKC 11-1823, 2012 WL 245965 (D. Md. Jan. 25, 2012) ("Ultimately, both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document").

42.     By systematically inserting a liability release, Wegmans willfully violated 15 U.S.C. § 1681b(b)(2)(A).

## CLASS ACTION ALLEGATIONS

43.     Plaintiffs bring the claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). The Rule 23 class consists of the following ("Class"): All employees and job applicants in the United States who were the subject of a consumer report that was procured or caused to be procured by Wegmans within five years of this complaint and through the date of final judgment in this action.

44.     The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

45.     Numerosity is met because the Class size is believed to be over 40 members. Wegmans regularly has consumer reports procured by a third party in order to evaluate employees and job applicants. Further Wegmans uses the information in the consumer reports to evaluate employees and job applicants. The size and scale of Wegmans' operations ensures that the number of members in the class will be in the tens of thousands. The names and addresses of the Class members are available from Defendant's records.

46.     Common issues of law and fact exist as to all members of the Class. The Plaintiff and the Class members were all individuals who applied to work for Wegmans and a

Case 6:16-cv-06825-FPG Document 1 Filed 12/17/16 Page 8 of 11

background check was procured by a third party at the request of Wegmans. The common

issues of law and fact also include the following:

- Whether Defendant obtained or caused to be procured background checks on employees and job applicants;

- Whether Defendant violated the FCRA by causing consumer reports to be procured without providing the proper disclosure;

- Whether Defendant's FCRA violation was willful;

- The proper measure of statutory and punitive damages; and

- The proper form of declaratory relief.

47. These common questions of law and fact also predominate over any questions affecting only individual members.

48. Plaintiffs Brewster and Wheelers' claims are typical of the claims of other members of the Class because the FCRA violation suffered by Plaintiffs Wheeler and Brewster are typical of that suffered by other Class members and Defendant treated Plaintiffs Wheeler and Brewster consistent with other Class members in accordance with its standard policies and procedures.

49. Plaintiffs Wheeler and Brewster are able to fairly and adequately represent the interests of the Class and have no interest antagonistic to the Class.

50. The Class Counsel, Thomas & Solomon LLP, is qualified and able to litigate the Plaintiff and Class Members' claims.

51. The Class Counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation.

52. This class action is also maintainable under subsection (3) of Rule 23(b) because questions of law or fact common to class members (*see supra* ¶ 46) predominate over

any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy

53.    Alternatively, the questions of law and fact common to the class may be certified for class action treatment separately from any questions affecting only individual members under Rule 23(c)(4) because resolution of those common questions will significantly advance the litigation.

## CAUSE OF ACTION
### *Defendant Violated the FCRA by Causing Consumer Reports to be Procured Without First Making a Proper Disclosure*
### 15 U.S.C. § 1681b(b)(2)(A)(i)

54.    Plaintiffs Wheeler and Brewster hereby re-allege and incorporate the allegations set forth above.

55.    Defendant has violated the FCRA by procuring or causing consumer reports to be procured on Plaintiffs Wheeler, Brewster and other Class members without making the required disclosure.  *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

56.    Defendant acted willfully and in deliberate or reckless disregard of its obligations and the rights of Plaintiffs Wheeler, Brewster, and other Class members.

57.    Defendant's willful conduct is reflected by the above paragraphs as well as the following:

a.    Wegmans was founded before the FCRA was enacted and it has therefore had more than 40 years to become compliant;

b.    Defendant's conduct is inconsistent with the Federal Trade Commission's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute; *see* Exhibit A; *Reardon,* 2013 WL 6231606, *Singleton,* 2012 WL 245965;  and

c.    Despite the plain statutory text and there being a depth of guidance, Defendant adopted a policy of having consumer reports procured on its

employees and job applicants without properly disclosing to them that the reports will be procured on them.

58.     Plaintiffs Wheeler, Brewster, and Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59.     Plaintiffs Wheeler, Brewster, and Class members are entitled to punitive damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

60.     Plaintiffs Wheeler, Brewster, and Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**, Plaintiffs Wheeler and Brewster, on behalf of themselves and the Class, pray for relief as follows:

(a)     Determining that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Designating Wheeler and Brewster as class representatives;

(c)     Awarding class representatives Wheeler and Brewster service payments;

(d)     Designating Thomas & Solomon LLP as Plaintiffs' and Class members' counsel;

(e)     Declaring that Defendant violated the FCRA;

(f)     Issuing proper notice of the class at Defendant's expense;

(g)     Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

(h)     Awarding statutory damages and punitive damages as provided by the FCRA;

(i)     Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

(j)     Such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: December 16, 2016

<div style="margin-left: 2em;">

THOMAS & SOLOMON LLP

By: _____

/s/ Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Jessica L. Lukasiewicz, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com

</div>